**PADUCAH JUNIOR COLLEGE, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE of the United States of America and Francis Keppel, United States Commissioner of Education, Department of Health, Education and Welfare, Defendants.**

Civ. A. No. 1488.

United States District Court
W. D. Kentucky at Paducah.

June 15, 1966.

Samuel Carlick, Paducah, Ky., for plaintiff.

Ernest W. Rivers, U. S. Atty., Louisville, Ky., and Robert J. Wieferich, Atty., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM

SHELBOURNE, Senior District Judge.

The plaintiff, Paducah Junior College, filed this action seeking judicial review of a final administrative determination of the United States Commissioner of Education, Department of Health, Education and Welfare, denying plaintiff's application for a grant of federal funds in the sum of $582,227.00 under the provisions of the Higher Education Facilities Act of 1963, 20 U.S. C.A. § 701 et seq. Plaintiff alleges jurisdiction in this Court under the Federal Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.

The defendants' answer set forth the following special defenses:

I  The complaint does not set forth a claim upon which relief can be granted and must be dismissed.

II  The complaint sets forth matters which constitute an unconsented suit against the United States and must be dismissed.

III  This Court does not have jurisdiction of the cause of action set forth in the complaint and must be dismissed.

Upon motion of the plaintiff, oral argument of counsel was heard on the special defenses presented by defendants and briefs were filed.

There is no dispute as to the facts in this action. Subsequent to the enactment of the Higher Education Facilities Act of 1963, the Commonwealth of Kentucky submitted its State plan, which was required to establish the eligibility of Kentucky schools to receive grants provided for in the Act. The State plan was approved by the Commissioner

of Education and funds were allocated for grants for construction of undergraduate academic facilities to institutions meeting the requirements of the Act and the State plan. October 30, 1964, plaintiff made application to the Commissioner of Education for a grant in the amount of $582,227.00. The grant was denied on the basis of a finding that plaintiff had incurred development cost in connection with the construction of the academic facilities covered in its application prior to the enactment of the Act on December 16, 1963, and was barred from obtaining the grant by the provisions of the Act. Plaintiff concedes that it entered into a contract with Leslie A. Feast Construction Company on September 20, 1963, which was executed October 10, 1963, but contends that the terms of that contract did not guarantee the payment of any development cost incurred prior to December 16, 1963, and that the Commissioner's finding was in error.

The contract in question provided that the plaintiff would not be liable to pay "any part of the Contract Price in the event that for any reason it should be unable to issue bonds in the amount of approximately $1,350,000.00 to provide funds to finance the construction and other expense incidental thereto, or if National Defense requirements should prohibit the Paducah Junior College from authorizing the Contractor to proceed with the work." October 16, 1963, the contractor began construction in order to take advantage of the weather conditions prevailing at that time. The sale of $1,350,000.00 Paducah Junior College Consolidated Educational Buildings Revenue Bonds, Series A, dated November 1, 1963, was completed December 20, 1963. By a "Notice to Proceed" dated December 12, 1963, plaintiff's Board of Trustees authorized and directed Feast Construction Company to proceed with the work called for by its contract for general construction executed October 10, 1963.

The section of the Act upon which the Commissioner of Education's denial of the grant was based, 20 U.S.C.A. § 751 (c), provides:

The term "development cost", with respect to an academic facility, means the amount found by the Commissioner to be the cost, to the applicant for a grant or loan under this chapter, of the construction involved and the cost of necessary acquisition of the land on which the facility is located and of necessary site improvements to permit its use for such facility, but *excluding any cost incurred before, or under a contract entered into before, December 16, 1963.* (Emphasis added.)

The Commissioner of Education concluded that plaintiff's contract with Feast Construction Company executed on October 10, 1963, came within the statutory provision excluding any development cost incurred under a contract entered into before December 16, 1963. It is the plaintiff's contention that the specific terms of that contract exempt it from the statutory exclusion.

It appears that consideration should first be given to this Court's jurisdiction to review the decision of the Commissioner of Education denying plaintiff's application for a grant under the Higher Education Facilities Act of 1963. The subchapter of the Act covering grants for construction of undergraduate academic facilities, 20 U.S.C.A. §§ 711–721, provides for judicial review of the Commissioner's final action with respect to approval of a State's plan by the United States Court of Appeals for the circuit in which the state is located. But, no provision is made for judicial review of final decisions denying grants to public community colleges or technical institutes within a State. It is noted that the subchapter of the Act covering loans for construction of academic facilities provides that the Commissioner may sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this subchapter without

regard to the amount in controversy. 20 U.S.C.A. § 744(c) (2). The absence of any provision authorizing judicial review of agency action involving grants is significant.

In the case of Rural Electrification Administration v. Central Louisiana Electric Co., 5 Cir., 354 F.2d 859 (1966), a review of administrative action was sought under Section 10(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1009. The court there said it seemed to settle that, if Congress has failed to give appellees standing to sue by express or implied provisions of statute, economic competition resulting from the governmental action does not give standing to sue. Cited as authority for this statement are Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374 (1938); Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939); Kansas City Power & Light Company v. McKay, 96 U.S.App.D.C. 273, 225 F.2d 924 (1955); Pennsylvania Railroad Company v. Dillon, 118 U.S.App.D.C. 257, 335 F.2d 292 (1964), and other cases. At page 866 of its opinion, the court said:

"We are nevertheless constrained to the opinion that appellees did not have the requisite standing to bring this action and neither do the Courts have jurisdiction to review the granting or denial of loans by the Rural Electrification Administration. *Congress has not conferred such jurisdiction by specific language*; Congressional action negates rather than implies an intent to confer such jurisdiction." (Emphasis added.)

The Administrative Procedure Act, 5 U.S.C.A. § 1009, provides for judicial review of agency action except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion.

■ We conclude that the right to sue is conferred by the Higher Education Facilities Act of 1963 with respect to the loan program, but the right to seek judicial review with respect to the grant program is confined to a State dissatisfied with the Commissioner's final action regarding the approval of its State plan. Actions for review of State plans may be brought in the name of the State in the United States Court of Appeals in the circuit where the State is located. Therefore, this Court lacks jurisdiction to review the decision of the Commissioner of Education denying plaintiff's application for a grant and plaintiff's complaint must be dismissed.

■ Although a determination of the other questions presented in this action is not necessary, the Court is of the opinion that plaintiff has failed to state a claim upon which relief could be granted. The general purpose of Section 1009 of Title 5 is to provide for judicial consideration where persons suffer legal wrong because of agency action or are adversely affected and aggrieved thereby. Air Line Dispatchers Ass'n v. National Mediation Board, 89 U.S.App.D.C. 24, 189 F.2d 685 (1951), cert. denied 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641. The words "legal wrong" as used in the statute means invasion of a legally protected right. To support a standing to sue under this statute it is not enough for plaintiff to show that it has been adversely affected or aggrieved. In addition there must be a showing of adverse effect or aggrievement within the meaning of any relevant statute. Braude v. Wirtz, 9 Cir., 350 F.2d 702 (1965).

■ The Higher Education Facilities Act of 1963 confers broad power upon the Commissioner of Education to be exercised in his sound discretion in determining standards and methods with respect to grants and loans for educational facilities, and no applicant is vested with any right to obtain the funds

requested. Although plaintiff may have been adversely affected by the denial of its application for a grant, there has been no showing of an invasion of any of its legally protected rights.

█ It is the opinion of the Court that the language at Section 751(c) with respect to "development costs" clearly excludes the cost of any work contracted for under plaintiff's contract executed with Feast Construction Company on October 10, 1963. The terms of that contract upon which plaintiff relies to exempt it from the statutory exclusion are contingent primarily upon plaintiff's inability to sell revenue bonds with which to construct its campus facilities. The revenue bonds were sold and, on December 12, 1963, plaintiff's Board of Trustees issued to the contractor a notice to proceed with the general construction work set forth in the contract executed October 10, 1963. The notice to proceed obviously indicated plaintiff's acceptance of liability for the cost of work performed under the contract even though the proceeds from the sale of the revenue bonds were not deposited to plaintiff's credit until December 20, 1963. The Commissioner's finding that the funds sought in plaintiff's application for a grant covered development costs incurred under a contract entered into prior to the enactment of the Act on December 16, 1963, was correct and his denial of the grant was proper.

We adhere to our first conclusion that this Court is without jurisdiction to review the decision of the Commissioner of Education denying plaintiff's application for a grant. However, if this Court had jurisdiction, the plaintiff still would fail because no claim is stated and the admitted facts would not warrant the statement of a claim upon which relief could be granted.

A judgment dismissing plaintiff's complaint will be entered in accordance with this memorandum.